IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OLD CITY EXPRESS, LLC, FLEX CARGO, LLC, *and* FREIGHT LINK SERVICES, LLC, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CASE NO. 2:26-CV-00188-JRG |
| HOXBRIDGE INSURANCE COMPANY, INC., | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Emergency Application for Temporary Restraining Order and Temporary Injunction (the "Motion") filed by Plaintiffs Old City Express, LLC, Flex Cargo, LLC, and Freight Link Services, LLC (collectively, the "Plaintiffs"). (Dkt. No. 6). In the Motion, Plaintiffs move for an *ex parte* temporary restraining order ("TRO") which enjoins Defendant Hoxbridge Insurance Company, Inc. ("Defendant") from: (1) cancelling or proceeding with the cancellation of Policy No. HIC-80821-326 (the "Policy") until the Policy expires on July 2, 2026; (2) notifying or otherwise publicizing that Plaintiffs failed to report its drivers to Defendant in violation of the Policy; and (3) taking any other action which would interfere with the reputation and business operations of Plaintiffs or otherwise further damage Plaintiffs through the pendency of the lawsuit. (*Id*. at 28). Having considered the Motion, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED-AS-MODIFIED**.

## I.    BACKGROUND

Plaintiffs are federally authorized motor carriers operating in interstate commerce. (Dkt. No. 1 ¶ 2). Such motor carriers must have vehicle liability coverage that meets certain thresholds

in order to operate their trucks.  (*Id*. ¶ 4 (citing 49 C.F.R. § 387.7)).  The reality is that "the subject motor carrier is instantly out of business" without liability coverage.  (*Id*.).

On June 25, 2025, Plaintiffs and Defendant entered into the Policy.  (Dkt. No. 1-1, at 7). The Policy gives Plaintiffs the requisite liability coverage to operate their trucks and business. (*See* Dkt. No. 1 ¶ 3).  The Policy is set to expire on July 2, 2026.  (*Id*. ¶ 6).  However, on February 24, 2026, Defendant notified Plaintiffs that it would cancel the Policy on March 25, 2026, more than three (3) months prior to the Policy's natural expiration date.  (*Id*. ¶ 6).

Shortly thereafter, on March 09, 2026, Plaintiffs filed this suit, alleging that Defendant had breached the Policy, breached its duty of good faith and fair dealing, and had violated the Texas Insurance Code.  (*Id*. ¶ 1).  Two (2) days later, Plaintiffs filed this Motion, seeking to prevent Defendant from cancelling the Policy.  (*See* Dkt. No. 6).

## II.    LEGAL STANDARD

"Under well settled Fifth Circuit precedent, a preliminary injunction [or a TRO] is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest."  *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023); *Evans v. Select January Six Comm.*, 2022 WL 17724137, at *3 (E.D. Tex. Dec. 15, 2021) ("The standard for obtaining a temporary restraining order is the same as that for obtaining a preliminary injunction") (quotation omitted).  Such relief should be denied if the movant fails to sufficiently establish any of the four (4) criteria.  *Loco Brands, LLC v. Thomas*, 2017 WL 7050645, at * 2 (E.D. Tex. Jun. 2, 2017).  To

issue such relief, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Direct Biologics*, 63 F.4th at 1020.  The decision whether to grant or deny a preliminary injunction or TRO is within a district court's discretion.  *Id*.

Additionally, Federal Rule of Civil Procedure 65(b)(1) authorizes a court to issue a TRO without written or oral notice to the adverse party, but only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

*Id*.  The stringent requirements embodied in Rule 65(b)(1) recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard had been granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).  In the rare instances in which courts issue *ex parte* restraining orders, they limit those orders to preserving the status quo for so long as is necessary to hold a hearing and no longer.  *Id*. at 439.

## III.   ANALYSIS

The Court addresses the four (4) *Valley* criteria and the Rule 65(b) procedural requirements in turn.

### (a) Likelihood of success on the merits

Having considered the allegations in the Motion and reviewed the insurance policy attached thereto (Dkt. No. 6-2), the Court finds that Defendant's alleged conduct "appears to be in violation of the [Policy] between the parties." *Loco Brands*, 2017 WL 7050645 at *2 (E.D. Tex. Jun. 2, 2017).

3

Accordingly, the Court finds that the first criterion for a TRO—that Plaintiffs have a substantial likelihood of success on the merits—is met.

**(b) Irreparable harm**

There is a substantial threat of irreparable harm if the injunction is not granted. Harm is irreparable "if it cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984). Here, Plaintiffs represent that the Federal Motor Carrier Safety Administration "will revoke [their] . . . operating authorities once the Policy is cancelled" under 49 C.F.R. § 387.7, which bars motor carriers from operating motor vehicles without a "minimum level[] of financial responsibility." (Dkt. No. 6-1 ¶ 29; Dkt. No. 6, at 25). Such a revocation would shut down Plaintiffs' operations, threatening the loss of employees, reputation, and customer relationships. This harm cannot be undone with monetary damages. *Interox*, 736 F.2d at 202.

Accordingly, the Court finds that the second criterion for a TRO—that Plaintiffs have a substantial threat of irreparable harm if injunctive relief is not granted—is met.

**(c) Balance of harms**

The balance of harms strongly favors Plaintiffs. Plaintiffs might cease to exist absent injunctive relief, whereas Defendant would be forced to maintain the Policy until, at worst, July 2, 2026—something Defendant has previously agreed and contracted to do. (Dkt. No. 6, at 28). Moreover, monetary damages would remedy Defendant's harms but not Plaintiffs'. Plaintiffs pay Defendant a premium to maintain the Policy and there is not an allegation that Plaintiffs have failed to timely pay those premiums. (Dkt. No. 6, at 26).

Accordingly, the Court finds that the third criterion for a TRO—that the threatened injury outweighs any harm that may result from the injunction to Defendant—is clearly met.

4

### (d) Public interest

Plaintiffs argue that their requested injunctive relief serves, rather than undermines, the public interest by ensuring that they remain insured. (Dkt. No. 6, at 27). The Court agrees as enforcing contracts is in the public interest. *Loco Brands*, 2017 WL 7050645, at *2 (citation omitted). Maintaining viable motor carriers operating in interstate commerce also furthers the public interest.

Accordingly, the Court finds that the fourth criterion for a TRO—that the injunction will not undermine the public interest—is clearly met.

### (e) Proceeding *ex parte* under Rule 65(b)

First, Plaintiffs have shown that they would suffer irreparable harm before Defendant can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). As mentioned above, Plaintiffs would suffer irreparable harm if the Policy were suddenly cancelled. Additionally, Plaintiffs have shown that they would incur such harm before Defendant could be heard on this matter. Specifically, Defendants notified Plaintiffs on February 24, 2026, that it will cancel Plaintiffs' insurance policy on March 25, 2026. (Dkt. No. 6-3). Plaintiffs therefore had twenty-nine (29) days to obtain relief prior to cancellation. To make matters worse, counsel for Defendants have not appeared in this case, impairing Defendant's ability to be heard here. Under these facts, Plaintiffs have satisfied Rule 65(b)(1)(A).

Additionally, Plaintiffs certified that they have notified Defendant of the Motion. *See CompuCom Sys., Inc. v. WJ Global, LLC*, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014). First, Plaintiffs have requested that Defendant provide them with its counsel's contact information. (Dkt. No. 6, at 29). Defendant has not done so. (*Id.*). Second, Plaintiffs served the Motion on John Ledyard, Defendant's counsel in parallel proceedings. (*Id.* at 29–30). Mr. Ledyard has indicated

that Defendant is aware of both this case and this Motion.  (*Id*.).  Thus, Plaintiffs have satisfied Rule 65(b)(1)(B).

Accordingly, the Court finds that Plaintiff has satisfied Rule 65's requirements for *ex parte* TROs.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby is **GRANTED-AS-MODIFIED** on March 19, 2026, at 5:00 p.m.  The TRO shall be in force until it expires at 5:00 p.m. CT on April 2, 2026, unless the Court subsequently orders otherwise.

Accordingly, and until 9:30 a.m. CT on April 7, 2026, or until the Court hereafter orders otherwise, Defendant shall be and is enjoined from: (1) cancelling or proceeding with the cancellation of Plaintiffs' policy of insurance; (2) notifying or otherwise publicizing that Plaintiffs failed to report their drivers to Defendant in violation of the Policy; and (3) taking any other action which would interfere with the reputation and business operations of Plaintiffs or otherwise further damage Plaintiffs through the pendency of the lawsuit.

A preliminary injunction hearing shall be scheduled for **March 24, 2026, at 1:00 p.m. CT**.

**So ORDERED and SIGNED this 19th day of March, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

6